United States District Court
Southern District of Texas
**ENTERED**
January 20, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| VS. | § § | CRIMINAL NO. H-16-MJ-055 |
| JUAN CASTILLO-SWEET | § | |

## ORDER OF DETENTION

On January 15, 2016, this Court conducted an Identity and Detention Hearing in the above-styled and numbered cause; the Government had moved for the Defendant's detention pursuant to 18 U.S.C. §3142. The Government offered the testimony of Ricardo Martinez, a special agent with the F.B.I. The Defendant offered no evidence. The Court also made the Pretrial Services report, which recommended detention, a part of the record. Having now considered all of the evidence the Court issues the following findings of fact and conclusions of law.

The Court **FINDS**, that by virtue of **Castillo-Sweet**'s admission, through counsel in open-court, that he is the same **Juan Castillo-Sweet** named in the Indictment now pending in the Eastern District of Missouri.

The Court further **FINDS**, in accordance with the Bail Reform Act, 18 U.S.C. §3142(f), that the following facts are established by clear and convincing evidence and require the detention of **Castillo-Sweet** in this case:

1. That by virtue of the Indictment there is probable cause to believe that **Castillo-Sweet** committed the offense of interstate transportation of money in aid of racketeering;

2. That the evidence against **Castillo-Sweet** is overwhelming given, *inter alia*, his July 25, 2015, traffic stop, his second in three weeks for suspicion of transporting drugs or money from Lancaster, Pennsylvania, to Texas; the discovery of about $160,000.000 in **Castillo-Sweet**'s vehicle following a consensual search; and **Castillo-Sweet**'s prompt and full confession that he was transporting the money to Laredo, Teas, for delivery to the Mexican Gulf Cartel;

3. that only five months prior to being detained in this case, **Castillo-Sweet** had been serving a five year probated sentence for cocaine trafficking in the state of Ohio which, together with the instant offense, creates the strong probability he will continue his criminal conduct if released;

4. That by virtue of paragraphs 2 and 3 **Castillo-Sweet** would constitute a danger to the community of released;

5. That **Castillo-Sweet**, a citizen of Mexico with some family ties to that country, attempted for about five months to avoid an indictment in this case by pretending to cooperate with the F.B.I. in an effort to identify cartel members, but failed to provide any meaningful assistance and, despite being ordered not to do so, kept communicating with cartel members;

6.  That during his "cooperation" **Castillo-Sweet** often asked his F.B.I. contact whether he had been indicted and evaded personal contact with the agent to avoid possible arrest;

7.  That by virtue of paragraphs 4 and 5, **Castillo-Sweet**, who is currently unemployed, poses an unreasonable risk of flight to avoid further prosecution in this case;

8.  That, at present, the credible evidence and information submitted establishes by clear and convincing evidence that there is no condition or combination of conditions which could be imposed upon **Castillo-Sweet** by this Court to reasonably assure the safety of the community if he were released.

It is, therefore, **ORDERED** that **Juan Castillo-Sweet,** be, and he is hereby, **COMMITTED** to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

It is further **ORDERED** that the **Juan Castillo-Sweet, SHALL** be afforded a reasonable opportunity for private consultation with defense counsel.

It is further **ORDERED** that upon Order of a Court of the United States or upon request of an attorney for the Government, the person in charge of the corrections facility **SHALL** deliver **Juan Castillo-Sweet,** to the United States Marshal for the purpose of an appearance in connection with a Court proceeding.

It is further **ORDERED** that this Order of Detention is issued without prejudice to **Juan Castillo-Sweet** seeking to reopen the matter of his detention if it appears appropriate to do so

**DONE** at Galveston, Texas this ____19th____ day of January, 2016.

_____
John R. Broeschner
United States Magistrate Judge